EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MATEO LÓPEZ RODRÍGUEZ, acusado y apelante.

*Número*: CR-73-33      *Resuelto*: 28 de enero de 1974

*Benigno Alicea Alicea*, abogado del apelante; *Myriam Naveira de Rodón, Procuradora General, y Américo Serra, Procurador General Auxiliar*, abogados de El Pueblo.

PER CURIAM: El apelante fue convicto por tribunal de derecho, luego de renunciar al juicio por jurado, del delito de Asesinato en Primer Grado y sentenciado a reclusión perpetua.

En este recurso de apelación señala la comisión del siguiente:

"Unico Error: Cometió error la Ilustre Sala Sentenciadora al declarar culpable al apelante del delito de asesinato en primer

grado habiéndose probado, a lo sumo, un delito de Homicidio Voluntario."

Argumentando este error el apelante sostiene que en la prueba hay ausencia de deliberación y que la muerte de la niñita María del Carmen López ocurrió en ocasión de un arrebato de cólera.

No tiene razón. La malicia, premeditación y deliberación quedaron probadas.

El apelante Mateo López Rodríguez vivía maritalmente con Myrna Ruiz Caraballo en el barrio Carrizales de Yauco y habían procreado tres hijos, entre ellos una niñita de 15 meses de edad llamada María del Carmen López Ruiz.

El día 26 de septiembre de 1970, el apelante tuvo un disgusto con su concubina Myrna porque ésta le pidió que fuera a buscar unos baldes de agua a lo cual él se negó. La niñita María del Carmen estaba llorando y su madre la sentó en el piso. El apelante levantó a la niña y la golpeó fuertemente contra el piso que era de concreto. La madre la recogió y el apelante, arrebatándosela de los brazos volvió a darle a la niña contra el piso. Los golpes fueron tan violentos que la niñita murió instantáneamente debido a una ruptura de la aurícula derecha del corazón que le produjo un taponamiento pericárdico.

Después de estos hechos de violencia el apelante amenazó a la madre de la niñita con matarla a ella y a sus otros dos hijos, si gritaba y le dijo que dijera que la niñita se había caído de la cama. (¹)

La deliberación es un acto subjetivo del acusado, no puede probarse con evidencia directa y se precisa, por lo tanto, recurrir a los hechos del caso para determinar si de

---

(¹) La teoría de defensa fue que el apelante no había peleado con su mujer ese día, no estaba molesto ni colérico y que él sentó a la niñita en una silla cerca de la puerta de la casa y salió y que al regresar encontró a la niña en el piso fuera de la casa con un golpe en la cara y sin conocimiento.

ellos puede inferirse racionalmente dicha deliberación. *Pueblo v. Ramos Padilla*, 88 D.P.R. 384 (1963); *Pueblo v. Blanco*, 77 D.P.R. 767 (1954); *Pueblo v. Rosario*, 67 D.P.R. 371 (1947). Los elementos de premeditación y deliberación, pueden deducirse de las circunstancias y relación entre las partes, así como de los actos y conducta del acusado. *Pueblo v. Padilla*, supra; *Pueblo v. Román*, 70 D.P.R. 50 (1949). Para que exista la deliberación no es necesario que transcurra determinado período de tiempo entre la intención de matar y la muerte misma, y tanto la deliberación como la premeditación pueden existir y concebirse en el momento mismo del ataque. *Pueblo v. Merced Jiménez*, 100 D.P.R. 270 (1971); *Pueblo v. Ramos Padilla*, supra; *Pueblo v. Blanco*, supra; *Pueblo v. Román*, supra; *Pueblo v. Rosario*, supra. Convenimos con el siguiente razonamiento del Procurador General:

"En el caso de autos, la prueba de cargo—que fue creída por el juzgador—demostró que el acusado se molestó con su esposa Myrna Ruiz Caraballo porque ésta le dijo que fuera a buscar un balde de agua que dicho acusado cogió a su hijita María del Carmen López de Ruiz, de quince meses de nacida, que se encontraba sentada en el piso de concreto de su casa, y la tiró con gran fuerza contra el piso y que al recoger la madre a la niñita el acusado se la arrebató de sus brazos y volvió a tirarla nuevamente contra el suelo con fuerza tal que le ocasionó la muerte instantánea debido a una ruptura de la aurícula derecha del corazón que le produjo un taponamiento pericárdico.

De los hechos y actos cometidos por el acusado puede inferirse racionalmente la deliberación. Se trata de una agresión cruel y brutal contra una indefensa e inocente criatura de quince meses de nacida, que es lanzada con gran fuerza contra el piso en dos ocasiones. La agresión es llevada a cabo más bien como un desquite del acusado contra su esposa por un absurdo e inexplicable coraje que le produjo una insignificancia que ésta le dijo. Es claro que tanto la premeditación como la deliberación se formaron y concibieron en la mente del acusado instantes antes del atroz ataque que sufrió la desgraciada niñita. El cuadro de hechos que presenta este caso solo es compatible con el delito de asesi-

nato en primer grado." (Informe del Procurador General, pág. 3.)

Tampoco tiene razón el apelante al sostener que la muerte ilegal de su hijita ocurrió con ocasión de un arrebato de cólera que convierta el delito en uno de homicidio voluntario. Para que la provocación reduzca el delito de asesinato a homicidio voluntario tiene que ser aquella de tal naturaleza que haga perder el dominio de si mismo a un hombre de temperamento corriente obligándolo a actuar por el impulso producido por notable provocación, sin la debida reflexión y sin formar un determinado propósito. *Pueblo* v. *Reyes Acevedo*, 100 D.P.R. 703 (1972); *Pueblo* v. *Saltari*, 53 D.P.R. 893 (1938).

Aquí no hubo prueba de provocación alguna y menos por parte de la infortunada niñita de quince meses de edad. El hecho de que al acusado le diera coraje y aun cuando estuviera "rabioso" porque su concubina lo mandó a buscar unos baldes de agua no es suficiente para que un hombre de temperamento corriente pierda el dominio de si mismo, se ensañe contra una indefensa niña, que es su propia hija y la azote violentamente contra el suelo hasta ocasionarle la muerte.

*Se confirmará la sentencia apelada.*