# 2001 DTA 135

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL II DE BAYAMON

EL PUEBLO DE PUERTO RICO
Apelado

v.

MODESTO RIVERA GARCIA
Apelante

Núm. KLAN-99-00702

San Juan, Puerto Rico, a 20 de marzo de 2001

Panel integrado por su Presidente, el Juez Gierbolini,
la Juez Hernández Torres y el Juez Cordero

Gilberto Gierbolini, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los días 15, 20, 22, 26, 28 y 29 de abril de 1999, el Tribunal de Primera Instancia, Sala Superior de Bayamón, celebró juicio por tribunal de derecho en el caso de *El Pueblo de Puerto Rico v. Modesto Rivera García*, Criminal Números DVI-99-G0048, DLA-99G-0173 y DLA-99G-0174, sobre Violaciones a los Artículos 83 del Código Penal y 6 y 8 de la Ley de Armas. Luego de evaluar la prueba presentada durante el juicio, el 7 de junio de 1999, el tribunal de instancia emitió Sentencia y declaró culpable al Sr. Modesto Rivera García (en adelante Rivera) de asesinato en segundo grado y violaciones a los Artículos 6 y 8 de la Ley de Armas.

No conforme con dicha sentencia, el 7 de julio de 1999, Rivera compareció ante este Tribunal mediante el presente Escrito de Apelación y alegó que el fallo emitido por el tribunal de instancia debió ser por el delito de homicidio, en vez de asesinato en segundo grado, porque la malicia premeditada, la cual es elemento esencial del delito de asesinato en segundo grado, no fue probada más allá de duda razonable.

Luego de varios incidentes procesales, el 23 de diciembre de 1999 Rivera presentó la Exposición Narrativa de la Prueba, y el 17 de mayo de 2000, el Procurador General nos informó que estaba de acuerdo con lo manifestado por Rivera en dicha exposición. El 17 de enero de 2001, Rivera presentó su Alegato y, en el mismo, éste alegó que el tribunal de instancia cometió el siguiente error:

*"Erró el Honorable Tribunal, al encontrar al acusado culpable del delito de asesinato en segundo grado, considerando que la malicia premeditada, elemento esencial del delito de asesinato en segundo grado, no fue probado más allá de duda razonable por la Honorable Fiscal."*

Según Rivera, en el caso ante el tribunal de instancia, concurrieron todos los elementos del delito de homicidio. Por lo tanto, Rivera solicitó a este Tribunal que revocara la sentencia impuesta y emitiera sentencia por el delito de homicidio.

Finalmente, el 31 de enero de 2001, el Procurador General presentó su Alegato y nos solicitó la confirmación de la sentencia apelada. El Procurador General alegó que no procedía un fallo de culpabilidad por el delito de homicidio porque los hechos del caso no configuraban un arrebato de cólera o una súbita pendencia. También, el Procurador General alegó que Rivera *"pudo haber previsto que la muerte de la víctinia podía resultar como consecuencia natural o probable de su acto preñado de peligrosidad, siendo razonable inferir que la muerte ocurrida constituyó, conforme a nuestro Código Penal, un acto intencional y malicioso sin justa causa o excusa que justificaba, y justifica, una sentencia por el delito de Asesinato en Segundo Grado."*

Al estar perfeccionado el recurso ante nuestra consideración, procedemos a resolver.

# I

El delito de asesinato consiste en dar muerte a un ser humano con malicia premeditada, Artículo 82 del Código Penal, 33 L.P.R.A. Sección 4001. Por su definición y naturaleza, el asesinato es un delito que conlleva un acto perverso, malintencionado y contrario a los valores éticos y morales de nuestra sociedad. Dicho delito denota un estado o condición en el actor, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud, como resultado de lo cual ésta ha dejado su preocupación por el respeto y la seguridad de la vida humana. *Rivera Pagán v. Supte. Policía de P.R.*, 135 D.P.R. 789, 800 (1994).

De acuerdo a la perversidad demostrada por el acusado al cometer el acto, y sólo en cuanto a los efectos de la imposición de la pena, el delito de asesinato es dividido en dos grados. *Pueblo v. Robles González*, 132 D.P.R. 5545 562 (1993); *Pueblo v. Rivera Alicea*, 125 D.P.R. 37, 44 (1989). Según el Artículo 83 del Código Penal, *supra*, dichos grados son los siguientes:

*"Constituye asesinato en primer grado:*

*(a) Todo asesinato perpetrado por medio de veneno, acecho o tortura, toda clase de muerte alevosa, deliberada y premeditada, o cometida al perpetrarse o intentarse algún incendio agravado, violación, sodomía, robo, escalamiento, secuestro, estragos, mutilación o fuga.*

*(b) Dar muerte a un miembro de la Policía, un miembro de la Guardia Municipal, un Oficial de Custodia o un miembro de la Guardia Nacional en sustitución o apoyo a la Policía, cuando cualquiera de estas personas se encuentre en el cumplimiento de su deber y su muerte haya ocurrido como resultado de la comisión de un delito grave o de la tentativa de la comisión de un delito grave o encubrimiento de un delito grave.*

*Todos los demás asesinatos serán considerados de segundo grado."*

La diferencia entre los dos grados de asesinato consiste en que en el asesinato en primer grado, la muerte es realizada con malicia premeditada y deliberada, mientras que en el de segundo grado, la muerte es maliciosa y premeditada, pero sin que medie deliberación. Por ende, el elemento diferenciador básico de los grados de asesinato, es la deliberación. *Pueblo v. Torres Montañez*, 106 D.P.R. 125, 129 (1977); *Pueblo v. Pérez Martínez*, 84 D.P.R. 181, 184 (1961); *Pueblo v. Blanco*, 77 D.P.R. 767, 772-773 (1954); *Pueblo v. Méndez*, 74 D.P.R. 913, 926 (1953).

La deliberación es *"la resolución o decisión de matar, después de darle alguna consideración."* Cualquier período de tiempo, por corto que sea, es suficiente para que pueda tener lugar la deliberación. Según las autoridades, dicho lapso puede ser tan rápido como el pensamiento. No obstante, la presencia o ausencia de deliberación es una cuestión de hecho a ser resuelta por el jurado o por tribunal de derecho. *Pueblo v. Torres Montañez, supra*, páginas 129-130; *Pueblo v. Merced Jiménez*, 100 D.P.R. 270, 281 (1971); *Pueblo v. Rosario*, 67 D.P.R. 371, 375 (1947).

Por su parte, la malicia premeditada implica la ausencia de justa causa o excusa al ocasionar la muerte e implica, además, la existencia de la intención de ocasionar la muerte de un semejante. Dicha intención puede ser manifestada al realizar un acto o al producir un grave daño corporal, cuya consecuencia probable sea la muerte de la persona. Por ello, la malicia premeditada puede ser inferida del uso de una arma, debido a que tal uso puede implicar razonablemente una intención de matar o de causar daños cuya consecuencia probable sea la muerte. *Pueblo v. Ocasio Hernández*, 139 D.P.R. 84, 90-91 (1995); *Pueblo v. Robles González, supra*, página 563; *Pueblo v. Rivera Alicea, supra*, página 45; *Pueblo v. Colón Soto*, 109 D.P.R. 545, 548 (1980); *Pueblo v. Blanco, supra*, página 775; *Pueblo v. Méndez, supra*, página 921.

De otro lado, el delito de homicidio lo configura la muerte ocasionada por una súbita pendencia o arrebato de cólera, Artículo 85 del Código Penal, *supra*. Dicho delito es un acto intencional e ilegal que causa una muerte, pero por existir circunstancias atenuantes, la calificación del delito y la pena varían para beneficio del acusado.

Las referidas circunstancias consisten en que el acto del acusado fue una reacción irreflexiva, pasional, súbita e inmediata, provocada por la víctima u otra persona actuando con ésta. *Pueblo v. Rivera Alicea, supra*, página 46; *Pueblo v. Ortiz González*, 111 D.P.R. 408, 410 (1981); *Pueblo v. Castro García*, 110 D.P.R. 644, 647 (1981).

El homicidio presupone una persona ordinaria que por cólera, pendencia o emoción violenta y súbita, causada por una provocación adecuada, pierde el equilibrio y dominio de sí misma. En su modalidad de arrebato de cólera, el homicidio requiere una provocación capaz de lograr una reacción violenta, intencional, pero no calculada, ni preconcebida, en el hombre prudente y razonable. En cambio, en su modalidad de súbita pendencia, el homicidio no requiere necesariamente una provocación previa, sino que basta con demostrar la existencia de una pelea súbita a la cual es entrada sin la intención previa de matar o causar grave daño corporal. *Pueblo v. Moreno Morales I*, 132 D.P.R. 261, 283-284 (1992); *Pueblo v. Rivera Alicea, supra*, páginas 46-47.

Ahora bien, la provocación susceptible de reducir el delito de asesinato a homicidio tiene que ser de tal naturaleza que haga perder el dominio de sí mismo a un hombre de temperamento corriente, *"obligándolo a actuar por el impulso producido por notable provocación, sin la debida reflexión, y sin formar un determinado propósito"*. *Pueblo v. Rivera Alicea, supra*, página 47; *Pueblo v. López Rodríguez*, 101 D.P.R. 897, 900 (1974); *Pueblo v. Saltari*, 53 D.P.R. 893, 909-910 (1938).

## II

Nuestro ordenamiento constitucional promulga que todo acusado de delito sea presumido inocente, hasta tanto su culpabilidad no sea probada más allá de duda razonable. Artículo II, Sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico. Como corolario de dicha disposición constitucional, el Estado es quien tiene la obligación de demostrar la culpabilidad del acusado más allá de duda razonable mediante la presentación en evidencia, en juicio público, de prueba que sea suficiente en derecho. Dicha prueba debe versar sobre todos los elementos del delito imputado y su conexión con el acusado más allá de duda razonable. *Pueblo v. Acevedo Estrada*, __ D.P.R. __ (2000), **2000 J.T.S. 22**, página 573; *Pueblo v. Calderón Alvarez*, 140 D.P.R. 627, 643 (1996); *Pueblo v. González Román*, 138 D.P.R. 691, 707 (1995); *Pueblo v. Sánchez Molina*, 134 D.P.R. 577, 589-590 (1993); *Pueblo en interés del menor F.S.C.*, 128 D.P.R. 931, 941 (1991); *Pueblo v. Rosaly Soto*, 128 D.P.R. 729, 739 (1991).

A su vez, además de ser suficiente, la prueba presentada por el Ministerio Público debe ser satisfactoria; es decir, que produzca certeza o convicción moral en una conciencia exenta de preocupación, *Pueblo v. Acevedo Estrada, supra*, página 573; *Pueblo v. Rodríguez Santana*, __ D.P.R. __ (1998), **98 J.T.S. 141**, página 234; *Pueblo v. Colón Castillo*, 140 D.P.R. 564, 582 (1996); *Pueblo v. Rosario Reyes*, 138 D.P.R. 591, 598 (1995); *Pueblo v. De León Martínez*, 132 D.P.R. 746, 764-765 (1993); *Pueblo v. Rodríguez Román*, 128 D.P.R. 121, 130-131 (1991).

La apreciación hecha por el juzgador de los hechos sobre la culpabilidad de todo acusado es una cuestión mixta de hecho y de derecho. Por tal razón, la determinación de culpabilidad más allá de duda razonable puede ser revisada en apelación como cuestión de derecho. No obstante, al apreciar la evidencia presentada ante el juzgador de los hechos, los tribunales apelativos deben reconocer la inigualable posición en que están los foros juzgadores. Por ello, y con el fin de mantener un adecuado balance al evaluar el veredicto recaído, en la medida en que los jueces de instancia y los jurados están en mejor posición de apreciar y aquilatar la prueba presentada, su apreciación merecerá gran deferencia y los tribunales apelativos no intervendrán con la misma en ausencia de pasión, prejuicio, parcialidad o error manifiesto, o cuando un análisis integral de la prueba así lo justifique. *Pueblo v. Acevedo Estrada, supra*, página 573; *Pueblo v. Rodríguez Santana, supra*, página 234; *Pueblo v. Meliá León*, __ D.P.R. __ (1997), **97 J.T.S. 110**, página 1356; *Pueblo v. Dávila Delgado*, __ D.P.R. __ (1997), **97 J.T.S. 68**, página 1008; *Pueblo v. Chévere Heredia*, 139 D.P.R. 1, 16 (1995); *Pueblo v. Maisonave Rodríguez*, 129 D.P.R. 49, 63 (1991); *Pueblo v. Cabán Torres*, 117 D.P.R. 645, 653-654 (1986).

## III

En la apelación ante nuestra consideración, los hechos del caso demuestran que la prueba presentada por el Ministerio Público controvirtió la presunción de inocencia que cobijaba a Rivera y que la culpabilidad de éste fue probada más allá de duda razonable. Luego de analizar el expediente ante nuestra consideración, así como la exposición narrativa de la prueba oral estipulada, encontramos que la sala sentenciadora no incurrió en pasión, prejuicio, parcialidad o error manifiesto al evaluar la prueba presentada.

Aunque Rivera alega que él debió ser declarado culpable del delito de homicidio, los hechos del caso denotan que el tribunal de instancia actuó correctamente al declararlo culpable del delito de asesinato en segundo grado. El acto de Rivera al apuntar y disparar a la víctima, sin que mediara una adecuada provocación por parte de ésta, constituye, sin duda, un acto intencional suficiente para sostener la convicción por el delito de asesinato en segundo grado.

Además, en el caso de autos, no cabe duda que Rivera pudo haber previsto que la muerte de la víctima podía resultar como consecuencia natural o probable de su acto y que su acción estuvo preñada de peligrosidad. La notable provocación a que alude Rivera en su alegato como justificación para matar a la víctima, es que ésta dijo: *"esto no es contigo arranca pa'l carajo"*. Sin embargo, esa manifestación no es una notable provocación, ni una ofensa que justificara que Rivera disparara contra la víctima. Por tal razón, resolvemos que los hechos del caso no configuran un arrebato de cólera o súbita pendencia, elementos necesarios para el delito de homicidio.

Un examen sereno, detallado y desapasionado de los testimonios vertidos por los testigos del Pueblo no produce en nuestro ánimo una insatisfacción o intranquilidad de conciencia que amerite que intervengamos con la credibilidad que el juzgador de los hechos confirió a dichos testimonios. Por consiguiente, este Tribunal no intervendrá con el veredicto condenatorio emitido por el tribunal de instancia.

## IV

En virtud de los fundamentos anteriormente expuestos, CONFIRMAMOS la Sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General