EL PUEBLO DE PUERTO RICO, peticionario, *v.* JOSÉ ORLANDO GONZÁLEZ PAGÁN, acusado y recurrido.

*Número:* CE-87-816      *Resuelto:* 10 de marzo de 1988

*Norma Cotti Cruz, Subprocuradora General* y *Ricardo Alegría Pons, Procurador General Auxiliar,* abogados de El Pueblo; *José A. Gutiérrez Núñez,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

José O. González Pagán fue denunciado por asesinato en primer grado e infracción a los Arts. 8 y 6 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 418 y 416. Celebrada la vista preliminar al amparo de la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, un juez instructor determinó causa probable en todos los delitos que se le imputaron al acusado. Como consecuencia, ante el Tribunal Superior, Sala de Aibonito, el Ministerio Fiscal formuló la correspondiente acusación.

González Pagán pidió la desestimación del delito de asesinato en primer grado bajo la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Adujo que la determinación de causa probable fue contraria a la ley y a derecho, toda vez que en la vista preliminar no hubo *"prueba alguna* sobre los elementos esenciales del delito de asesinato en primer grado y tampoco tuvo ante sí prueba alguna sobre los elementos esenciales del delito de asesinato". Anexo II, pág. 2. A juicio suyo, esa prueba, "vista de la forma más favorable [a él], estableció que la muerte imputada ocurrió en ocasión de súbita pendencia y/o arrebato de cólera". Íd. Acompañó una transcripción de los testimonios verbales vertidos en la vista preliminar, que el Ministerio Fiscal aceptó como legítima.

El 16 de noviembre de 1987, el tribunal declaró con lugar dicha moción "por el fundamento de *ausencia total de prueba* en cuanto a los elementos constitutivos de asesinato. Prevalece la determinación de Homicidio por haber quedado el elemento principal de arrebato de cólera y súbita pendencia claramente demostrado y se autoriza al Ministerio Público a radicar acusación por Homicidio". (Énfasis suplido.) Anexo IX, pág. 13.

A solicitud del Procurador General, mediante trámite de mostrar causa, revisamos.

## II

La recta solución del recurso requiere, a modo de recordatorio, una breve incursión de la dinámica procesal subyacente en la Regla 64(p) de Procedimiento Criminal, *supra*, como fundamento para desestimar una acusación o denuncia. Dispone:

> Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, *sin que se hubiere determinado causa probable* por un magistrado u ordenado su detención para responder del delito, *con arreglo a la ley y a derecho*. (Énfasis suplido.)

En *Pueblo v. Tribunal Superior*, 104 D.P.R. 454, 459–460 (1975), resolvimos que presentada "una moción para desestimar basada en la Regla 64(p), el tribunal de instancia puede, en el ejercicio de su discreción[,] señalar una vista para entender y recibir prueba, o puede rechazarla de plano si de su faz y de las constancias en el expediente del caso, *no resulta meritoria en cuanto al extremo de ausencia total de prueba*. Debe recordarse que '[l]a determinación de causa probable goza, como toda determinación judicial, de la presunción legal de corrección'[.] *Rabell Martínez v. Tribunal Superior*, 101 D.P.R. 796, 799 (1973)". (Énfasis suplido.) Vé-

ase, además, *Vázquez Rosado* v. *Tribunal Superior*, 100 D.P.R. 592, 594–595 (1972).

Este ejercicio evaluativo discrecional "en cuanto al extremo de ausencia total de la prueba" es crucial. Su significado está estrechamente vinculado a las razones principales que jurisprudencialmente hemos reconocido inspiran la vista preliminar, a saber: "(1) el objeto central de la vista preliminar no es hacer una adjudicación en los méritos en cuanto a la culpabilidad o inocencia del acusado; (2) aunque se trata de una función propiamente judicial, no es 'un mini juicio'; (3) el fiscal no tiene que presentar toda la prueba que posea; (4) la vista está encaminada a proteger a la persona imputada a través de un filtro o cedazo judicial por el cual el Estado tiene que pasar prueba, y demostrar si está justificado o no a intervenir con la libertad de un ciudadano y someterlo a los rigores y contingencias de un juicio plenario, y (5) una vez se demuestra y se justifica esta intervención, la vista ha cumplido su propósito de ley." *Pueblo* v. *Rodríguez Aponte*, 116 D.P.R. 653, 665 (1985).

Aclarada la función de la vista preliminar y la del Tribunal Superior bajo la Regla 64(p) de Procedimiento Criminal, *supra*, expongamos el cuadro fáctico inicial que presenta el caso de autos. La transcripción de evidencia revela prueba tendente a establecer que en la noche del 27 de febrero de 1987 se suscitó una pelea en el negocio *El Papillón* situado en el Bo. Santa Catalina, Coamo. Poco antes, William Zayas (c/p Tarzán) le había comunicado al imputado González Pagán que su hermano Davicito lo había insultado cuando él se encontraba con dos damas. Le dijo que cuando se acercara a él le iba a dar una bofetada. Zayas se sentó en la barra del negocio. Después entró Davicito con su tío llamado Vicente. Ambos también se sentaron en la barra. Entonces Zayas se levantó de su asiento, se acercó a Davicito y le propinó una bofetada. Acto seguido, se produjo una pelea en la cual inter-

vinieron Vicente, Zayas, Davicito y varios parroquianos más. Algunos intercedieron para sujetar a los contendientes. Durante la pelea, Zayas perdió la posesión de un revólver que portaba en una pierna. En determinado momento, el acusado González Pagán se apoderó de esa arma, corrió hacia Zayas y le disparó mortalmente en varias ocasiones.

De la transcripción también resulta que algunos testigos manifestaron versiones disímiles sobre el tiempo que transcurrió desde la pelea hasta el uso del arma de fuego y la naturaleza de los ánimos. Para unos los ánimos ya estaban calmados. Para otros no fue así.

Lo expuesto pone de manifiesto el error en que incurrió el foro de instancia. Ciertamente no estaba ante una ausencia total de prueba que le permitiera sostener la desestimación decretada.

■ Sabido es que el delito de asesinato se distingue del de homicidio por el elemento de malicia premeditada. Ello significa la ausencia de justa causa o excusa al ocasionar la muerte e implica, además, la existencia de la intención de ocasionar la muerte de un semejante. *Pueblo* v. *Colón Soto*, 109 D.P.R. 545 (1980).

■ En cuanto a los grados de asesinato provistos en el Art. 83 del Código Penal, 33 L.P.R.A. sec. 4002, la diferencia radica en que el *primer grado* requiere el elemento de deliberación, y en grado *segundo*, no. *Pueblo* v. *Torres Montañez*, 106 D.P.R. 125, 129 (1977). A su vez, para que "exista la deliberación no es necesario que transcurra determinado período de tiempo entre la intención de matar y la muerte misma, y tanto la deliberación como la premeditación pueden existir y concebirse en el momento mismo del ataque". *Pueblo* v. *López Rodríguez*, 101 D.P.R. 897, 899 (1974); *Pueblo* v. *Torres Montañez*, supra, pág. 129.

▮ Por otro lado, el delito de *homicidio*, según tipificado en el Art. 85 del Código Penal, 33 L.P.R.A. sec. 4004, es la muerte "en ocasión de *súbita pendencia o arrebato de cólera*". En *Pueblo* v. *López Rodríguez*, supra, pág. 900, indicamos que la *provocación* susceptible de reducir "el delito de asesinato a homicidio voluntario tiene que ser aquella de tal naturaleza que haga perder el dominio de sí mismo a un hombre de temperamento corriente obligándolo a actuar por el impulso producido por notable provocación, sin la debida reflexión y sin formar un determinado propósito. *Pueblo* v. *Reyes Acevedo*, 100 D.P.R. 703 (1972); *Pueblo* v. *Saltari*, 53 D.P.R. 893 (1938)".

Estas diferencias evidencian que la determinación fáctica de si estamos ante un asesinato u homicidio es, simplemente, una cuestión de hecho fundamentada en la apreciación de los distintos elementos antes enunciados. Bajo este enfoque, la prueba desfilada en la vista preliminar sostiene prima facie la determinación de causa probable por el delito de asesinato. No estaba disponible el mecanismo de la Regla 64(p) de Procedimiento Criminal, *supra*, para variarla. No estamos ante un caso de "ausencia total de prueba". *Pueblo* v. *Tribunal Superior*, supra, pág. 459.

*Se dictará la correspondiente sentencia revocatoria.*