# 2009 DTA 107

## TRIBUNAL DE APELACIONES
## REGIÓN JUDICIAL DE MAYAGÜEZ
## PANEL ESPECIAL

EL PUEBLO DE PUERTO RICO
Peticionario

v.

MANUEL A. RIVERA CARRERO
Acusado-Recurrido

Núm. KLCE-2009-00048

San Juan, Puerto Rico, a 15 de julio de 2009

Panel integrado por su Presidente, el Juez López Feliciano,
y los Jueces Hernández Serrano y Rosario Villanueva

López Feliciano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Pueblo de Puerto Rico, representado por la Procuradora General de Puerto Rico, recurre ante este Tribunal de Apelaciones de un dictamen emitido el 8 de diciembre de 2008 por la Sala Superior de Mayagüez del Tribunal de Primera Instancia (TPI).

Con dicho dictamen, previo a la celebración del juicio en una causa criminal por un delito grave, el TPI declaró con lugar una moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(p), por entender que existía ausencia de prueba suficiente que demostrara que probablemente se cometió el delito por el recurrido.

Con el beneficio de la comparecencia de ambas partes y del derecho aplicable, procedemos a resolver.

### I

Por hechos alegadamente ocurridos el 6 de abril de 2008, el 2 de mayo de 2008 se presentó una denuncia contra el señor Manuel A. Rivera Carrero (el recurrido) por infracción al Artículo 144 del Código Penal, 33 L.P. R.A. sec. 4772, que tipifica el delito de Actos Lascivos. En esa misma fecha se determinó causa probable para su arresto.

El 6 de agosto de 2008 se celebró la vista preliminar. El Ministerio Público presentó como su único testigo en esa etapa a la menor Zaneiskka Avellanet Rivera. [1] De su testimonio surgió lo siguiente:

**"Vive en el Barrio Hatillo de Añasco, tiene diez (10) años de edad y estudia quinto grado en la escuela *Felipe Odiott Morales*, en el Barrio Playa, del Municipio de Añasco. Su maestro favorito es Mr. Ortiz y le gustan todas las clases. Cree que sus notas en la escuela son buenas, pero no sabe qué notas tiene. En el día de hoy (6 de agosto de 2008), la acompaña su mamá, su tía y su hermana. Conoce al señor Manuel Rivera Carrero, porque es su abuelo y vive cerca (sic) donde ella vive.**

**Para el 6 de abril de 2008, a eso del medio día (12:00p.m.), ella estaba en su casa con su abuela y vio que su abuelo se dirigía a darle comida a las vacas y toros que tiene en una montaña (finca). El llevaba en sus manos un machetito, que tiene un cabo por donde se coge. El siempre lleva ese machete. Esa montaña está al lado de la casa de Gladys---*Hermana de Manuel*---, y de la otra hermana "Beba". De la casa de Beba y Gladys, se ve la montaña y las vacas. Le pidió permiso a su abuela, para ir con su abuelo a la Montaña y ella le dio permiso.**

**Subieron hacia la montaña y el abuelo notó que una de las vacas se había salido de la finca. *Entonces, él se fue a verificar por donde (sic) se había salido y ella le dijo a su abuelo que ella quería ir con él, porque no se quería quedar sola allí.* Él le dijo que sí.**

· Por donde iban, había como una *montaña de tierra que estaba más alta y al otro lado más baja, y ella no podía bajar de ese sitio*. Entonces su abuelo la cogió en los brazos para bajarla. "Me cogió como se cogen los bebés, por la parte de atrás" y me bajó de la montaña y me soltó en el otro lado de pie. Luego de eso, él se sentó en una rama debajo de un árbol con las piernas abiertas. *"Yo estaba ["asustá"], aunque él no me estaba haciendo nada."* Luego, me cogió por la cintura y me haló a donde él estaba. Yo estaba de pié (sic) y él estaba sentado. Sentí algo duro en mi parte privada. El (sic) me pidió que le diera un besito en el cachete y yo se lo di. Entonces, me besó en el cuello como dos o tres besitos. Yo estaba de pie cuando eso y él seguía sentado en la rama. Yo seguía ["asustá"]. *El (sic) tenía el machete al lado, pero no me amenazó*. Me dio un roce por encimita, por las nalgas con su mano, pero fue cuando me cogió al hombro.

Manifestó que en la vista anterior (Regla 6 de Procedimiento Criminal), ella no dijo nada de las nalgas, esto a pesar de que el Honorable Juez (Emilio Mulero) le preguntó.---[El señor Juez preguntó porque originalmente aparecía en la denuncia. Como ella se reiteró que nada había ocurrido en las nalgas, el señor Juez ordenó que se eliminara de la denuncia.]---

Cuando él se levantó de donde estaba, ella miró, pero no vio nada extraño en sus partes. Él nunca intentó besarla en la boca, ni tampoco le pidió que lo besara en la boca.

Ese día ella tenía puesto un pantalón corto sin correa, que llegaba hasta la rodilla y una blusita pequeña. Él nunca intentó bajarle los pantalones, a pesar de que era fácil porque no tenía correa. Tampoco intentó tocar sus partes por debajo del pantalón. Tampoco le subió la blusa, ni intentó tocarle sus partes por debajo de la blusa.

*Declaró que cuando dijo que sintió algo duro, ella no sabía qué era eso. Eso se lo dijeron después. A preguntas de que informara, quién le dijo que lo duro era un pene, manifestó no recordar la persona que le dijo eso*. Manifestó, no obstante, que no fue el fiscal el que le sugirió, que dijera que sintió algo duro que era un pene.

Al llegar a casa de su abuela, tenía como una sonrisita. No llegó llorando. Cuando bajaba de la montaña, vio a "Popo", un primo y no le dijo nada. Cuando se fue a su cuarto, su hermana le preguntó qué le había pasado, porque estaba llena de tierra de la montaña y ella le dijo lo que pasó. [2]

Luego de escuchada la prueba presentada por el Ministerio Público, el TPI encontró causa probable, por lo que el 28 de agosto de 2008 se presentó la correspondiente acusación contra el recurrido imputándole lo siguiente:

"El referido acusado MANUEL RIVERA CARRERO, allá en y/o para el día 6 de abril de 2008 y en Añasco, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Mayagüez, ilegal, voluntaria, maliciosa y criminalmente sin intentar consumar el delito de agresión sexual, sometió a ZANEISHKA AVELLANET RIVERA a un acto que tendió a despertar, y/o excitar y/o satisfacer la pasión y/o deseos sexuales del acusado mediante las siguientes circunstancias: siendo la víctima al momento de los hechos menor de dieciséis (16) años (10 años), el acusado tenía una relación de parentesco con la víctima, por consanguinidad, (abuelo) consistente en que la cogió al hombro y luego éste sentado abrazo (sic) y apretó a la menor rozando sus partes íntimas (pene) con las partes íntimas de la menor (vagina). Además le beso (sic) el cuello." [3]

Así las cosas, el 17 de octubre de 2008, el recurrido presentó ante el TPI una moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra*. Alegó, en síntesis, que "[e]n el presente caso, faltó establecer más allá de duda razonable que existió la intención de *despertar, excitar o satisfacer la pasión o deseos sexuales del imputado, con la alegada víctima*". [4]

El Ministerio Público se opuso aduciendo que el *quántum* de prueba requerido en una vista preliminar no es el mismo que para un juicio, y que del propio resumen del testimonio de la menor que hizo la defensa en su moción de desestimación surgían los elementos del delito imputado y su conexión con el recurrido.

En resolución y sentencia emitida el 8 de diciembre de 2008, el TPI declaró con lugar la moción de desestimación presentada por el recurrido, pues encontró que no surgía de la prueba estipulada por las partes que en vista preliminar se presentara prueba sobre todos los elementos del delito de Actos Lascivos. El foro apelado concluyó que "[a]nte la ausencia de prueba suficiente para demostrar que probablemente se cometió el delito por el imputado, se declara Ha Lugar la solicitud de desestimación al amparo de la Regla 64(p) de las de Procedimiento Criminal".

Insatisfecha con tal determinación, la Procuradora General de Puerto Rico acude ante nos mediante petición de *certiorari*.

## II

La Procuradora General señala los siguientes errores en el dictamen del TPI:

**"Incidió el Tribunal de Primera Instancia al resolver en contravención a los criterios normativos requeridos en la etapa procesal de vista preliminar, que en dicha etapa (sic) desfiló prueba sobre todos los elementos del delito imputado.**

**Incidió el Tribunal de Primera Instancia al darle curso a una Moción de Desestimación bajo la Regla 64(p) de Procedimiento Criminal, la cual sólo procede en una situación de ausencia total de prueba.**

**Incidió el Tribunal de Primera Instancia al desestimar la acusación presentada contra el imputado a pesar de que no estaban presentes ninguna de las tres (3) instancias por las cuales un magistrado legítimamente puede concluir la inexistencia de causa probable para acusar."**

A la luz del derecho aplicable, lo que nos corresponde resolver es si de un análisis de la prueba presentada durante la vista preliminar, así como de la moción solicitando la desestimación promovida por el recurrido, surgía una ausencia total de prueba que impedía concluir la probabilidad de que estuvieran presentes todos los elementos del delito de Actos Lascivos y la conexión del recurrido con su autoría.

## III

### A

El Artículo 144 del Código Penal, *supra*, dispone que:

**"Toda persona que, sin intentar consumar el delito de agresión sexual descrito en el (sic) la sec. 4770 de este título, someta a otra persona <u>a un acto que tienda a despertar, excitar o satisfacer la pasión o deseos sexuales del imputado, en cualquiera de las circunstancias que se exponen a continuación incurrirá en delito grave de tercer grado</u>:**

**(a) <u>Si la víctima al momento del hecho es menor de dieciséis (16) años.</u>**

**(b) Si la víctima fue compelida al acto mediante empleo de fuerza, violencia, amenaza de grave o inmediato daño corporal, o intimidación, o el uso de medios hipnóticos, narcóticos, deprimentes o estimulantes o sustancias o medios similares.**

**(c) Si la víctima, por enfermedad o defecto mental temporero o permanente, estaba incapacitada para**

comprender la naturaleza del acto.

**(d) Si la víctima fue compelida al acto mediante empleo de medios engañosos que anularon o disminuyeron sustancialmente, sin su consentimiento, su capacidad de consentir.**

**(e) Si el acusado tiene una relación de parentesco con la víctima, por ser ascendiente o descendiente, por consanguinidad, adopción o afinidad, o colateral por consanguinidad o adopción hasta el tercer grado.**

**(f) Cuando el acusado se aprovecha de la confianza depositada en él por la víctima por existir una relación de superioridad por razón de tenerla bajo su custodia, tutela, educación primaria, secundaria o especial, tratamiento médico o sicoterapéutico, consejería de cualquier índole, o por existir una relación de liderazgo de creencia religiosa con la víctima."** (Subrayado nuestro).

Según comenta la profesora Dora Nevares-Muñiz en su obra *Nuevo Código Penal de Puerto Rico Comentado,* Instituto para el Desarrollo del Derecho, Inc., 2005, págs. 192-193:

**" Los elementos del delito son someter sin su consentimiento, o con su consentimiento jurídicamente invalido (sic), a un acto que tienda a despertar, excitar o satisfacer la pasión o deseos sexuales sin intención de cometer una penetración sexual, en cualquiera de las modalidades que especifica el artículo. [...]**

**Un acto lascivo o impúdico es aquél que tiende a despertar, excitar o satisfacer la impudicia, pasión o deseos sexuales. Los actos realizados por el sujeto activo deben tender a satisfacer el impulso sexual en el acusado o producir en la víctima un placer carnal, que al mismo tiempo lesiona su honor o intimidad sexual. Se trata de una ofensa al pudor e indemnidad sexual de la víctima realizada sin ánimo de acceso carnal. Puede consistir en un contacto con el cuerpo, aunque no se halle desnudo, de la víctima, o en obligar e inducir a ésta a realizar actos sobre la persona del imputado para excitar o satisfacer sus deseos sexuales.**

....

**En los casos de las víctimas que tienen protección del ordenamiento jurídico por razón de su inmadurez mental, fuera por razón de tener menos de dieciséis años o por defecto o incapacidad mental, o por su relación familiar con el acusado, el Estado no requiere que se emplee fuerza física ni que la persona no consienta al acto. Se trata de sujetos pasivos que el Estado tiene que proteger del abuso sexual o de actos impúdicos realizados por personas con el pleno dominio de sus facultades y capacidades físicas. [...]".** (Subrayado nuestro).

**B**

La celebración de una vista preliminar tiene como objetivo determinar si existe causa probable para presentar una acusación contra una persona por un delito grave. Regla 23 de Procedimiento Criminal, 34 L.P.R. A. Ap. II, R. 23. Lo que se busca es evitar que se someta a un ciudadano al rigor de un proceso criminal por un delito grave, si no existe evidencia que así lo justifique. *Pueblo v. García Saldaña,* 151 D.P.R. 783, 788 (2000); *Pueblo v. Ortiz, Rodríguez,* 149 D.P.R. 363, 374 (1999); *Pueblo v. Rodríguez Aponte,* 116 D.P.R. 653, 665 (1985).

Se trata de "un procedimiento preliminar al juicio que se celebra ante un magistrado para que se determine si el delito imputado en la denuncia ha sido cometido y si hay causa probable para creer que la persona así denunciada lo cometió". *Pueblo v. Rivera Alicea,* 125 D.P.R. 37, 41 (1989).

Aunque el peso de la prueba recae sobre el Ministerio Público, no requiere que sea tan convincente como para sostener una convicción. *Pueblo v. Pillot Rentas,* 169 D.P.R. __ (2006), **2007 J.T.S. 1**; *Pueblo v. Rodríguez Aponte, supra,* pág. 664. Es decir, basta con que el Ministerio Público presente prueba que tienda a establecer la coincidencia de todos los elementos de un delito y la probabilidad de que el imputado lo cometió. Esto pues dicha determinación no establece la culpabilidad o inocencia del acusado, ya que no representa una adjudicación final del caso. *Pueblo v. Pillot Rentas, supra; Pueblo en interés del menor GRS,* 149 D.P.R. 1 (1999); *Pueblo v. González Pagán,* 120 D.P.R. 684, 688 (1988); *Pueblo v. Rodríguez Aponte, supra,* págs. 663-664.

Si al presentar su prueba en la vista preliminar el Ministerio Público no demuestra que tiene un mínimo de evidencia, una **scintilla,** en la cual apoya una determinación *prima facie* de que se cometió el delito y con toda probabilidad el imputado lo cometió, entonces no puede presentarse acusación contra el imputado. *El Vocero de PR v. ELA,* 131 D.P.R. 356, 423-424 (1992); véase, además, Nevares-Muñiz, D., *Sumario de Derecho Procesal Penal Puertorriqueño,* Instituto para el Desarrollo del Derecho, Inc., 8va ed., 2007, págs. 103-104.

En *Pueblo v. Rodríguez Aponte, supra,* págs. 663-664, el Tribunal Supremo resume el *quántum* de prueba que recae sobre el Ministerio Público en la etapa de vista preliminar en los siguientes términos:

**"[D]ebe presentar prueba que a juicio del magistrado establezca la comisión de un delito y la probabilidad de que el imputado lo cometió. "El propósito de la vista preliminar es tratar con probabilidades, tanto en lo referente a la comisión de un delito como en cuanto al autor de dicho delito... [H]ay envuelta una doble situación de probabilidades: la de que determinado delito haya sido cometido y la de que determinada persona lo haya cometido." No se trata de una adjudicación final. Su función no es establecer la culpabilidad o inocencia del acusado, sino averiguar si en efecto el Estado tiene adecuada justificación para continuar con un proceso judicial. En esta etapa, la prueba no tiene que evidenciar más allá de duda razonable la culpabilidad del acusado."** (Citas omitidas). Véase, además, Chiesa, E., *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Forum, Vol. III, 1993, págs. 89-83.

De la misma forma, el Tribunal Supremo ha expresado que en etapa de vista preliminar el Ministerio Público no está obligado a presentar toda la evidencia que posea en contra del acusado, sólo aquella que cumpla con el *quantum* de prueba requerido. *Pueblo v. Rodríguez Aponte, supra,* pág. 664. Véase, además, *Pueblo v. López Pumarejo,* 113 D.P.R. 349 (1982); *Vázquez Rosado v. Tribunal Superior,* 100 D.P.R. 592 (1972).

## C

De otra parte, la Regla 64(p) de Procedimiento Criminal, *supra,* dispone que una vez el foro de instancia determine causa probable para acusar, y se haya presentado la correspondiente acusación por el Ministerio Público, el acusado puede someter una moción de desestimación por no haberse determinado causa probable conforme a derecho. *Pueblo v. Kelvin Branch,* 154 D.P.R. 575, 584 (2001); *Pueblo v. Rivera Rodríguez,* 150 D. P.R. 428 (2000); *Pueblo v. González Pagán, supra.* **[5]**

Al evaluar una moción de desestimación de una acusación bajo la Regla 64(p) de Procedimiento Criminal, *supra,* el elemento a considerarse es si existe o no ausencia total de prueba que tienda a demostrar que se ha cometido el delito imputado o que el acusado lo cometió. *Pueblo v. Rivera Rivera,* 141 D.P.R. 121, 131 (1996); *Pueblo v. Rodríguez Ríos,* 136 D.P.R. 685, 692 (1994); *Pueblo v. Carballosa y Balzac,* 130 D.P.R. 842 (1992); *Pueblo v. González Pagán, supra,* 687-688 (1989); *Pueblo v. Tribunal Superior,* 104 D.P.R. 454, 459 (1975).

Al hacer este ejercicio, el tribunal debe determinar si durante la vista preliminar el magistrado que la presidió tuvo ante sí prueba que pueda considerarse suficiente en derecho para la determinación de causa probable. Si concluye que en dicha determinación medió esa prueba, no procede la desestimación de la denuncia o acusación bajo la Regla 64(p), *supra.* En cuanto al alcance de esa discreción, el Tribunal Supremo

ha expresado lo siguiente:

"**Este ejercicio evaluativo discrecional "en cuanto al extremo de ausencia total de la prueba" es crucial. Su significado está estrechamente vinculado a las razones principales que jurisprudencialmente hemos reconocido inspiran la vista preliminar, a saber: "(1) el objeto central de la vista preliminar no es hacer una adjudicación en los méritos en cuanto a la culpabilidad o inocencia del acusado; (2) aunque se trata de una función propiamente judicial, no es 'un mini juicio'; (3) el fiscal no tiene que presentar toda la prueba que posea; (4) la vista está encaminada a proteger a la persona imputada a través de un filtro o cedazo judicial por el cual el Estado tiene que pasar prueba, y demostrar si está justificado o no a intervenir con la libertad de un ciudadano y someterlo a los rigores y contingencias de un juicio plenario, y (5) una vez se demuestra y se justifica esta intervención, la vista ha cumplido su propósito de ley."** *Pueblo v. González Pagán, supra,* pág. 688, *citando a Pueblo v. Rodríguez Aponte, supra,* pág. 665.

Además, el más Alto Foro ha delineado específicamente qué parámetros deben guiar al juzgador que enfrenta una moción de desestimación bajo la Regla 64(p): (1) examinar la prueba de cargo y defensa vertida en la vista preliminar, así como la prueba del acusado en apoyo de la moción; (2) determinar si esa prueba establece la probabilidad de que estén presentes todos los elementos del delito, así como la existencia de prueba que conecte al imputado con su comisión; (3) el hecho de que a juicio del magistrado la prueba presentada demuestre, con igual probabilidad, la comisión de un delito distinto al imputado, no debe dar fundamento a una desestimación; y (4) **sólo en total ausencia de prueba sobre la probabilidad de que estén presentes uno, varios o todos los elementos del delito o de la conexión del imputado con tal delito, procede la desestimación de la acusación**. *Pueblo v. Rivera Alicea, supra,* págs. 42-43. Véase, además, Resumil, O., *Derecho Procesal Penal,* Butterworth, 1993, Tomo II, págs. 202-203.

Asimismo, se ha establecido que al atender una moción de desestimación al amparo de la Regla 64(p), *supra,* el tribunal no podrá considerar cuestiones relacionadas a la credibilidad de testigos no escuchados por éste cuando no surja de la evidencia que fueran esteriotipados o adolecieran de "falsedad transparente". Resumil, O., *ob cit.,* pág. 197; *Pueblo v. Tribunal Superior, supra.*

Debe tenerse presente que la determinación de causa probable en la vista preliminar goza de una presunción legal de corrección. *Pueblo v. Andaluz Méndez,* 143 D.P.R. 656, 662 (1997); *Pueblo v. Rivera Alicea, supra,* pág. 42. Como dicha presunción es una controvertible, corresponde al acusado la obligación de presentar evidencia para persuadir al tribunal de que no existía causa probable para acusarlo. Para ello tiene que convencer al tribunal de que en la vista preliminar hubo ausencia total de prueba sobre algún elemento del delito o sobre su conexión con el mismo.

## IV

Apliquemos la normativa antes expuesta a los hechos e incidentes procesales del caso ante nuestra consideración.

A nivel de vista preliminar, la función del TPI consistía en determinar si de la prueba presentada surgía la probabilidad de que estuvieran presentes todos los elementos del delito de Actos Lascivos y la conexión del recurrido con su comisión. Véase *Pueblo v. Pillot Rentas, supra; Pueblo en interés del menor GRS, supra; Pueblo v. Rivera Alicea, supra; Pueblo v. González Pagán, supra; Pueblo v. Rodríguez Aponte, supra.* Luego de observar y escuchar el testimonio de la menor, dicho foro concluyó, basado en el *quántum* de prueba que se exige en dicha etapa, que existía causa probable para presentar acusación.

Al presentar la moción de desestimación al amparo de la Regla 64(p), era el recurrido quien tenía el peso de convencer al tribunal de que en la vista preliminar hubo ausencia de prueba sobre alguno o todos los elementos del delito de Actos Lascivos o sobre la conexión de éste con el mismo. Esto es así, ya que la determinación de

causa probable en la vista preliminar goza de una presunción legal de corrección. Véase *Pueblo v. Andaluz Méndez, supra; Pueblo v. Rivera Alicea, supra.*

Al TPI, por su parte, le correspondía hacer una evaluación de la prueba de cargo que se presentó en la vista preliminar- en este caso, el testimonio de la menor- y la prueba del recurrido en apoyo de su moción de desestimación, para entonces determinar si de la prueba surgía la probabilidad de que estuvieran presentes todos los elementos del delito, así como la conexión del recurrido con su autoría. Véase *Pueblo v. Rivera Alicea, supra.* Sólo en caso de total ausencia de prueba procedía la desestimación de la acusación. Véase *Pueblo v. Rivera Rivera, supra; Pueblo v. Rodríguez Ríos, supra; Pueblo v. Carballosa y Balzac, supra; Pueblo v. González Pagán, supra; Pueblo v. Tribunal Superior, supra.*

Bajo este enfoque, examinemos los elementos del delito de Actos Lascivos y el testimonio de la menor, según surge de la moción de desestimación presentada por el recurrido, así como los fundamentos que éste expuso en dicho escrito para apoyar su solicitud.

Los elementos del delito de Actos Lascivos consisten en someter sin su consentimiento, o con su consentimiento jurídicamente inválido, a un acto que tienda a despertar, excitar o satisfacer la pasión o deseos sexuales del autor sin intención de cometer una penetración sexual, en cualquiera de las modalidades que especifica el Artículo 144 del Código Penal, *supra.* En este caso, la acusación aludía a las modalidades de que se trataba de una menor de dieciséis (16) años y de que existía una relación de parentesco con el recurrido.

Del relato del testimonio de la menor, que reprodujo el recurrido como parte de su solicitud de desestimación, surge que ésta tenía diez (10) años y que el recurrido era su abuelo. Se desprende además que, mientras el recurrido se encontraba con la menor en una montaña buscando por dónde se había escapado un ganado, éste se sentó en una rama debajo de un árbol con las piernas abiertas. Fue entonces cuando alegadamente cogió a la menor por la cintura y la haló a donde él estaba. Él permaneció sentado, mientras que ella estaba de pie. La menor testificó que sintió algo duro en su parte privada y que posteriormente el recurrido le pidió que le diera un beso en el cachete, a lo que ella accedió, y luego éste la besó en el cuello de dos a tres veces. La menor admitió que en ese momento estaba asustada y que no sabía qué era eso duro que había sentido en su parte privada.

De otra parte, el fundamento principal del recurrido en apoyo a su solicitud de desestimación es que faltó establecer más allá de duda razonable que existió la intención del recurrido de despertar, excitar o satisfacer su pasión o deseos sexuales con la alegada víctima, lo cual resultaba esencial en el presente caso.

Según expresáramos anteriormente, en la etapa de vista preliminar no se requiere que el Ministerio Público presente prueba que evidencie más allá de duda razonable la culpabilidad del acusado, sino aquella que demuestre la comisión de un delito y la probabilidad de que el imputado lo cometió. Véase *Pueblo v. Rodríguez Aponte, supra; Pueblo v. López Pumarejo, supra; Vázquez Rosado v. Tribunal Superior, supra.* Basta con una scintilla de prueba. Véase *El Vocero de PR v. ELA, supra;* Nevares-Muñiz, D., *ob cit.*, págs. 103-104.

A nuestro juicio, circunscribiéndonos al *quántum* de prueba que se le requiere al Ministerio Público en la etapa de vista preliminar y los criterios que deberán guiar la discreción del juzgador al atender una solicitud de desestimación bajo la Regla 64(p) de Procedimiento Criminal, *supra*, según reiterados por la jurisprudencia, no nos encontramos ante un caso en el que exista ausencia total de prueba sobre la probabilidad de que estén presentes uno, varios o todos los elementos del delito de Actos Lascivos o de la conexión del recurrido con el mismo.

# V

Por los fundamentos antes expresados, se expide el auto de *certiorari* solicitado y se revoca la resolución y

sentencia emitida por la Sala Superior de Mayagüez del Tribunal de Primera Instancia el 8 de diciembre de 2008, debiendo reinstalarse la acusación desestimada para dar curso al acto del juicio.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2009 DTA 107

**1.** Esto a pesar de que surgen de la denuncia los nombres de cuatro (4) testigos adicionales: el agente Elieser Nieves, Jeveleishka Avellanet Rivera, Lissette Rivera Matías y Betsy Rivera Matías. Véase Denuncia, pág. 5 del Apéndice de la Petición de *Certiorari.*

**2.** Este resumen del testimonio de la menor Zaneiskka Avellanet Rivera surge de la "Moción al Amparo de la Regla 64(p) de las de Procedimiento Criminal de Puerto Rico" presentada por el recurrido, y fue tomado como cierto por el Ministerio Público al presentar su oposición a la desestimación solicitada. Véase págs. 7-9 y 20 del Apéndice de la Petición de *Certiorari.*

**3.** Véase Acusación, pág. 6 del Apéndice de la Petición de *Certiorari.*

**4.** Véase "Moción al Amparo de la Regla 64(p) de las de Procedimiento Criminal de Puerto Rico" presentada por el recurrido, pág.16 del Apéndice de la Petición de *Certiorari.*

**5.** En su parte pertinente, la Regla 64 de Procedimiento Criminal, *supra*, dispone:

**"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:**

**(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho."**