Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>Vs.<br><br>RICKY MARTÍNEZ<br><br>Peticionario | KLCE202400778 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.<br>I1TR202300252<br>I1CR202300266<br><br>Sobre:<br>Art. 7.02 Ley 22<br>Art. 246-A C. P. |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de octubre de 2024.

Comparece la parte peticionaria, Ricky Martínez (en adelante, el "señor Martínez" o la "parte peticionaria"), para solicitarnos que se revoque la *Resolución* emitida el 12 de junio de 2024 y notificada ese mismo día por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, (en adelante, el "TPI"), en la cual declaró "No Ha Lugar" la *Moción de Desestimación bajo la Regla 64 (p) de Procedimiento Criminal* interpuesta por la parte peticionaria.

El 26 de septiembre de 2024 la Oficina del Procurador General de Puerto Rico (en adelante, el "Procurador General" o la "parte recurrida") compareció mediante el *Alegato del Pueblo*.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se expide el auto de *certiorari* y se *confirma* mediante los fundamentos que expondremos a continuación.

Número Identificador

SEN2024 _____

**I**

El caso de autos se originó el 8 de diciembre de 2023, con la radicación de dos denuncias por parte del Ministerio Público en contra del señor Martínez, por infringir el Artículo 246 (a) del Código Penal de Puerto Rico y el Artículo 7.02 de la Ley Núm. 22, según enmendada, conocida como la "Ley de Vehículos y Tránsito de Puerto Rico" (en adelante, Ley Núm. 22"), que tipifican los delitos de resistencia u obstrucción a la autoridad pública y manejo de vehículos de motor bajo los efectos de bebidas embriagantes. 33 LPRA sec. 5336 y 9 LPRA sec. 5202, respectivamente. En síntesis, a la parte peticionaria se le imputó haber conducido su vehículo de motor bajo los efectos de bebidas embriagantes y haber obstruido el ejercicio de la autoridad de los policías estatales. En específico, la denuncia del caso núm. MZ2023CR00557-1 lee como sigue:

> EL REFERIDO IMPUTADO, RICKY MARTINEZ, PARA EL DIA 7 DE DICIEMBRE DE 2023, A ESO DE LAS 5:50 P.M. Y EN MAYAG[Ü]EZ, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RICO, SALA DE MAYAG[Ü]EZ, ILEGAL, VOLUNTARIA, MALICIOSA, A SABIENDAS Y CRIMINALMENTE VIOLÓ LO DISPUESTO EN EL ARTÍCULO 7.02 DE LA LEY 22 DE 7 DE ENERO DE 200, ENMENDADA Y VIGENTE, CONSISTENTE EN QUE MIENTRAS CONDUCÍA EL VEHÍCULO DE MOTOR MARCA MITSUBISHI OUTLANDER, AÑO 2007, COLOR AZUL, TABLILLA JNQ-366, POR LA CARRETERA 2 HASTA LA CARR. 65 DE MAYAG[Ü]EZ, LA CUAL ES UNA VÍA PÚBLICA DE PUERTO RICO, HACIENDO ESTO BAJO LOS EFECTOS DE BEBIDAS EMBRIAGANTES. LUEGO DE HECHAS LAS ADVERTENCIAS DE LEY ESTE LIBRE Y VOLUNTARIIAMENTE ACCEDIÓ A SOMETERSE AL ANALISIS DE ALIENTO, SIENDO LLEVADO A LA DIVISIÓN PATRULLAS Y CARRETERAS DE MAYAG[Ü]EZ, DONDE EL AGENTE CESAR M. AROCH TORRES PLACA 27682 LE EFECTUÓ LA MISMA, ARROJANDO UNA CONCENTRACI[Ó]N DE 0.221% DE ALCOHOL EN SU ORGANISMO. VIOLANDO DE ESTA FORMA UNA LEY QUE LO PROHIBE.[1]

Por su parte, la denuncia del caso núm. MZ2023CR00557-2 dispone lo siguiente:

---

[1] *Véase*, Recurso de *Certiorari*, pág. 17 y 18.

EL REFERIDO IMPUTADO, RICKY MARTINEZ, PARA EL DIA 7 DE DICIEMBRE DE 2023, A ESO DE LAS 5:50 P.M. Y EN MAYAG[Ü]EZ, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RIC, SALA DE MAYAG[Ü]EZ, ILEGAL, VOLUNTARIA Y CRIMINALMENTE, (RESISTIÓ) Y/O (OBSTRUYÓ) EL EJERCICIO DE LA AUTORIDAD P[Ú]BLICA DE LOS POLICIAS ESTATALES, DEMORANDO Y/O ESTORBANDO EL AGENTE CESAR M. AROCHO TORRES 27682, EN EL CUMPLIMIENTO Y/O TRATANDO DE CUMPLIR ALGUNA DE LAS FUNCIONES REFERENTES A SU CARGO. EL REFERIDO RICKY MARTÍNEZ ESTE NO SE DETUVO HACIENDO CASO OMISO A LAS SEÑALES DE LA UNIDAD DE LA PATRULLA CONTINUANDO SU TRAYECTO, TENIENDOO ESPACIO Y LUGAR SEGRO PARA DETENERSE CUANDO EL AGTE. CESAR M. AROCHO TORRES PLACA 27682 LE DA EL MANDATO A DETENERSE, ESTE NO SE DETUVO DESDE LA CARR. 2 HASTA LLEGAR A LA CARR. 65 CERCA DEL PARQUE DE LOS PROCERES DE MAYAG[Ü]EZ, ASI OBSTRUYENDO LA LABOR DEL AGENTE DEL ORDEN PUBLICO.[2]

Ese mismo día, se determinó causa probable para su arresto por los delitos previamente mencionados. Tras varios trámites procesales impertinentes a la controversia que nos ocupa, el 26 de abril de 2024, el señor Martínez presentó una *Moción en Solicitud de Desestimación al Amparo de la Regla 64 (p) de las de Procedimiento Criminal* (en adelante, la "Moción de Desestimación"), mediante la cual solicitó la desestimación de la determinación de causa para su arresto emitida el 8 de diciembre de 2023. Argumentó que del testimonio del Agt. Cesar M. Arocho Torres (en adelante, el "Agt. Arocho Torres") no surge ni una "scintilla" de evidencia de quién fue la persona con la que él intervino. Asimismo, expresó que el Agt. Arocho Torres narró unos hechos y nunca estableció la identidad de la persona que cometió dichos actos. Así pues, arguyó que hubo ausencia total de la conexión del delito con el imputado, por lo que procedía la desestimación, con perjuicio, de los referidos delitos menos grave.

---

[2] *Véase*, Recurso de *Certiorari*, pág. 19 y 20.

Así las cosas, el 20 de mayo de 2024, el Ministerio Público presentó una *Moción en Oposición a Solicitud de Regla 64 (p) de Procedimiento Criminal* (en adelante, "Oposición"), a través de la cual alegó que la *Moción de Desestimación* fue presentada tardíamente sin expresar justa causa para dicha dilación. Asimismo, afirmó que en la vista de causa para arresto el Agt. Arocho Torres estableció claramente la conexión del señor Martínez con los delitos imputados. Además, manifestó que la juez que presidió la vista constató que la persona imputada de los delitos de obstrucción a la autoridad pública y manejo de vehículos de motor bajo los efectos de bebidas embriagantes lo es el señor Martínez. Por último, enfatizó que no se requería que la identificación de un acusado se haga a través de un gesto específico, como lo sería señalarlo en la vista.

Finalmente, el 12 de junio de 2024 y notificada ese mismo día, el TPI declaró No Ha Lugar la *Moción de Desestimación.* Inconforme con esta decisión, el 26 de agosto de 2024, la parte peticionaria presentó el recurso de *certiorari* ante nos, donde le imputó al TPI la comisión del siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA SALA SUPERIOR DE MAYAGÜEZ, (HON. MIGUEL R. ALAMEDA RAMÍREZ, JUEZ) AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN, AL AMPARO DE LA REGLA 64 (P), FORMULADA POR LA DEFENSA, A PESAR DE QUE EN LA VISTA PARA DETERMINAR CAUSA PARA ARRESTO O CITACIÓN NO SE IDENTIFICÓ AL COMPARECIENTE CONFORME A DERECHO.

Examinado el recurso en su totalidad y con la comparecencia de las partes, procedemos a establecer el derecho aplicable y resolver.

**II.**

**A.**

Como regla general, no se favorece la intervención de los tribunales apelativos al momento de examinar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de

hechos realizadas por el foro sentenciador, a no ser que este haya incurrido en pasión, prejuicio, parcialidad o error manifiesto. Pueblo v. Negrón Ramírez, 213 DPR ___ (2024), 2024 TSPR 41. A causa de lo antes dicho, se les concede gran respeto a las determinaciones de hechos formuladas por el Tribunal de Primera Instancia y a las personas que testifican allí. Íd. pág. 18. Lo anterior se debe a que el Juez y el Jurado se encuentran en mejor posición para valorar la evidencia testifical ya que tienen la oportunidad de escuchar, observar y apreciar la conducta de los testigos. Pueblo v. Hernández Doble, 210 850, 864 (2022). Esto cobra mayor importancia cuando nos referimos a la prueba desfilada en una vista. Pueblo v. Negrón Ramírez, *supra*, págs. 16-17. De igual manera, es menester recalcar que la sentencia o determinación de un Juez es un acto dotado de alta dignidad por lo que no puede echarse a un lado con ligereza e indolencia. Pueblo v. Figueroa Rosa, 112 DPR 154, 159 (1992).

No obstante lo anterior, nuestro Tribunal Supremo ha expresado que a pesar de la deferencia que merece la determinación impugnada, esta podría revocarse si: (1) hubo pasión, perjuicio, parcialidad o un error manifiesto o (2) si la evidencia no coincide con la realidad, es inverosímil o imposible. Pueblo v. Santiago et al., 176 DPR 133, 148 (2009). En otras palabras, los tribunales apelativos tenemos la facultad de reemplazar el entendimiento de los foros de instancia cuando no existe apoyo suficiente que sustente su decisión. Pueblo v. Hernández Doble, *supra*, pág. 865.

Siguiendo esta línea, se ha descrito pasión, perjuicio o parcialidad como inclinaciones personales de tal intensidad que llevan a un juzgador a actuar influenciado por estas y adoptar posturas sin importar la evidencia que se haya desfilado en la vista o juicio. Pueblo v. Negrón Ramírez, *supra*, pág. 19. Por último, respecto a las conclusiones de derecho del Tribunal de Primera

Instancia, estas se considerarán erradas si un estudio de la totalidad de la prueba recibida demuestra que estas están en conflicto con el balance más equitativo, justo y legal. Pueblo v. Hernández Doble, *supra*, pág. 865.

**B.**

Es norma conocida en nuestro ordenamiento jurídico que la acción penal comienza con la determinación judicial de causa probable para arresto. Pueblo v. Cosme Andino, 200 DPR 440, 444 (2018). Dicha exigencia es considerada de rango constitucional. Íd., pág. 445. Es a partir de este momento que el Tribunal adquiere jurisdicción sobre el imputado y que este último queda sujeto a responder por la comisión del delito. Pueblo v. Irizarry, 160 DPR 544, 555 (2003). La Regla 6 de las de Procedimiento Criminal codifica esta etapa inicial del encausamiento criminal y regula sus pormenores. 34 LPRA AP. II, R.6. En detalle, dispone lo siguiente:

> Si de una denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a). El Ministerio Público tendrá discreción para presentar cargos en ausencia a toda persona sospechosa de delito cuando entienda que existen circunstancias justificadas.
>
> [...]
>
> La determinación de causa probable podrá estar fundada total o parcialmente en una declaración por información o creencia con suficiente garantía circunstancial de confiabilidad. Cuando hubiere más de una persona afectada, el magistrado podrá expedir una orden de arresto para cada una de ellas.
>
> [...]
>
> El magistrado podrá también determinar causa probable para creer que se ha cometido un delito sin necesidad de que se presente ante él una denuncia cuando haya examinado bajo juramento a algún testigo o testigos que tuvieren conocimiento personal del hecho delictivo. 34 LPRA Ap. II, R. 6.

Conforme a nuestro más alto foro, la referida Regla exige el cumplimiento de tres requisitos, a saber: (1) la intervención de la figura neutral de un magistrado, (2) la existencia de causa probable, y (3) la especificidad de la orden. Pueblo v. Irizarry, *supra*, pág. 559. Cabe resaltar que, en esta fase lo fundamental es cumplir con estos requisitos, sin importar el método elegido de los previstos por la Regla 6 de Procedimiento Criminal, *supra*. Finalmente, una vez, se realice una determinación de causa probable para arresto, esta goza de una presunción de corrección. Pueblo v. Rivera Vázquez, 177 DPR 868, 878 (2010).

**C.**

La Regla 64 de las Reglas de Procedimiento Criminal de Puerto Rico regula lo concerniente a las mociones de desestimación en los casos criminales. 34 LPR AP. II, R. 64. La misma provee un listado taxativo de los fundamentos por el cual una acusación o denuncia puede ser desestimada. Entre estas razones se encuentra la siguiente:

> Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho. 34 LPRA Ap. II, R. 64 (p).

Según nuestro Tribunal Supremo, se pueden invocar dos fundamentos para la desestimación de una denuncia: (1) ausencia total de prueba o (2) que se le infringió al acusado alguno de los derechos procesales que deben ser garantizados en la vista. Pueblo v. Rivera Vázquez, *supra*, pág. 878. Ambos argumentos requieren una demostración precisa del error que se le atribuye al magistrado. Íd. **Respecto a la ausencia total de prueba, es importante mencionar que el objeto central de la vista de causa probable para arresto no es realizar una adjudicación en los méritos en cuanto a la culpabilidad o inocencia del acusado, si no demostrar que se justifica la intervención con la libertad del**

**ciudadano**. Pueblo v. González Pagán, 120 DPR 684, 688 (2988). Además, no podemos perder de vista, que el mejor mecanismo que tiene un acusado para revisar una determinación de causa probable para arresto carente de prueba suficiente para establecer la probabilidad de que el imputado cometió el delito, lo es la pronta ventilación de un juicio. Pueblo v. Tribunal Superior, 104 DPR 454, 460 (1974). Por último, respecto al término para presentar la antedicha solicitud la Regla 64(p) de Procedimiento Criminal, *supra*, establece que esta debe ser presentada veinte (20) días antes del juicio, salvo que exista una causa debidamente justificada y fundamentada.

**III.**

En el presente caso, la parte peticionaria nos solicitó la revocación de la *Resolución* del TPI, a través de la cual se declaró "No Ha Lugar" la *Moción de Desestimación*.

Surge del expediente ante nuestra consideración que el 8 de diciembre de 2023 el Ministerio Público radicó dos denuncias en contra del señor Martínez, por infracción a los delitos de resistencia u obstrucción a la autoridad pública y manejo de vehículos de motor bajo los efectos de bebidas embriagantes. En esa misma fecha, se llevó a cabo la vista de causa probable para su arresto donde testificó el Agt. Arocho Torres. En específico, éste declaró bajo juramento que el 7 de diciembre de 2023 intervino con un individuo que conducía un vehículo de motor Mitsubishi Outlander, color azul mientras portaba una cerveza y que lo arrestó por transportar un envase abierto con bebida embriagante.[3] Asimismo, testificó que luego del arresto, ocurrió un incidente de violencia domestica entre el individuo y su pareja.[4]

---

[3] *Véase*, Recurso de *Certiorari*, pág. 14 y 15.
[4] *Véase*, Recurso de *Certiorari*, pág. 15.

Mientras se llevaba a cabo la referida vista, la jueza que presidió el procedimiento preguntó: "Así que el caballero tiene otro caso" y el Agt. Arocho Torres respondió en la afirmativa. Tras evaluar la prueba desfilada, el TPI halló causa probable para arresto contra la parte peticionaria. Posteriormente, el 26 de abril de 2024, el señor Martínez presentó una *Moción de Desestimación* al amparo de la Regla 64 (p), *supra*, bajo el fundamento de que el testimonio del Agt. Arocho Torres no demuestra que él haya sido la persona con la que el referido agente intervino. Dicha solicitud fue declarada "No Ha Lugar".

Conforme hemos adelantado en los apartados anteriores, la acción penal empieza con la determinación judicial de causa probable para arresto. *Pueblo v. Cosme Andino, supra,* pág. 444. Asimismo, la Regla 6 de Procedimiento Criminal, *supra,* dispone que un magistrado puede expedir una orden de arresto contra una persona cuando de una denuncia, de la declaración jurada sometida con la denuncia o del examen bajo juramento del denunciante surge que existe causa probable para creer que dicha persona ha cometido el delito que se le imputa. 34 LPRA Ap. II, R. 6. Por su parte, la Regla 64 (p) de Procedimiento Criminal, *supra,* permite solicitar la desestimación de una denuncia o acusación presentada contra una persona cuando no se haya establecido causa probable por un magistrado conforme a derecho. 34 LPRA Ap. II, R. 64 (p).

Tras un análisis minucioso y pormenorizado del expediente ante nuestra consideración, incluyendo la *Moción de Desestimación* y su *Oposición,* hemos llegado a la conclusión de que existió causa probable para intervenir con la libertad del señor Martínez. Nótese que de las denuncias que nos ocupan se desprende que la persona acusada de infringir el Artículo 246 (a) del Código Penal de Puerto Rico, *supra,* y el Artículo 7.02 de la Ley Núm. 22, *supra,* lo es la

parte peticionaria.[5] Además, el testimonio bajo juramento del Agt. Arocho Torres refuerza y reitera la conexión de la parte peticionaria con los delitos que se le atribuyen. Asimismo, el hecho de que la jueza que presidió la vista haya preguntado específicamente si el señor Martínez tenía otro caso es indicativo de que la persona con la que el Agt. Arocho Torres intervino es la parte peticionaria. **Más aun cuando sobre dichos no existe controversia alguna**. No era necesario que este último señalara con el dedo o de alguna forma particular al señor Martínez para establecer la conexión entre él y los delitos imputados. Abónese a lo anterior, el hecho de que se ha resuelto que **el objeto central de la vista de causa probable para arresto no es realizar una adjudicación en los méritos en cuanto a la culpabilidad o inocencia del acusado, si no demostrar que se justifica la intervención con la libertad del ciudadano**. Pueblo v. González Pagán, *supra*, pág. 688. No nos cabe la menor duda de que ello fue así.

En conclusión, no hemos encontrado ningún indicio que nos obligue a no otorgarle deferencia a las determinaciones de hechos realizadas por el juzgador de los hechos, así como a las evaluaciones de credibilidad que este llevo a cabo sobre el Agt. Arocho Torres. Pueblo v. Negrón Ramírez, *supra*, pág. 18. Tampoco se desprende del análisis de la prueba que el foro primario haya mediado en pasión, prejuicio, parcialidad o error manifiesto. Así pues, entendemos que, a la luz de la prueba desfilada en la vista de causa probable para arresto, no existe base suficiente que justifique la contención del señor Martínez en su recurso, a los efectos de que el Ministerio Publico no logró conectarlo con los delitos que se le imputan. Por tales razones, no se cometió el error señalado.

---

[5] *Véase*, Recurso de *Certiorari*, pág. 17 y 18.

Abónese a lo anterior, que de los autos no se desprende situación alguna constitutiva de justa causa, ni fundamento alguno esgrimido por la parte peticionaria que expusiera las razones por las cuales presentó la *Moción de Desestimación* fuera del término que dispone la Regla 64 (p) de Procedimiento Civil, *supra*.

En fin, somos del criterio de que en el presente caso no existen razones en derecho que requieran que este Tribunal de Apelaciones intervenga con la determinación del TPI. La evaluación del legajo apelativo conduce a la conclusión de que la misma se fundamentó en los hechos particulares del caso, el derecho aplicable y la prueba que tuvo ante sí el foro *a quo*.

**V.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia,* se *expide* el auto de *certiorari* y se *confirma* la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones