# 98 DTA 123

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL V DE PONCE Y AIBONITO

EL PUEBLO DE PUERTO RICO
Recurrido

v.

PEDRO J. PAREZ MELETICHE
Peticionario

Núm. KLCE-97-01200

San Juan, Puerto Rico, a 18 de marzo de 1998

Panel integrado por su presidente el Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Negrón Soto, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El señor Pedro J. Pérez Meletiche recurre ante nos de la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, mediante la cual declaró no ha lugar una moción que presentó al amparo de la Regla 64(p) de las de Procedimiento Criminal, *infra*.

Expedimos la petición de *certiorari*, revocamos la Resolución recurrida y devolvemos el caso al Tribunal recurrido para que actúe según aquí se dispone. Examinemos los hechos relevantes.

### I

Contra el señor Pedro J. Pérez Meletiche, en lo sucesivo peticionario, se presentó denuncia por violación al Artículo 87 del Código Penal, 33 L.P.R.A. sec. 4006. Luego de celebrada la vista preliminar, se encontró causa probable para acusar. En la misma el Pueblo presentó el testimonio del Agente Soto, Placa 15483, y se admitió en evidencia el Protocolo de Autopsia de la señora Mirna Ivette Nazario Malavé. Celebrada la lectura de la acusación, el peticionario presentó una moción al amparo de la Regla 64(p) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y solicitó la desestimación de la acusación. Alegó que la determinación de causa probable para acusar, no era válida ya; que el Pueblo no había probado los elementos del delito imputado. El Ministerio Público no se opuso a la misma. El Tribunal de Primera Instancia declaró no ha lugar la moción presentada por el peticionario sin celebrar vista. █

En atención a ello el peticionario presentó esta petición de *certiorari* y alegó que había errado el Tribunal de Primera Instancia, Sala Superior de Ponce, al declarar no ha lugar dicha moción. Sostuvo que no se habían probado todos los elementos del delito. Argumentó, específicamente, que la prueba presentada por el Ministerio Fiscal demostró que en el lugar de los hechos no había marca alguna de llantas en el pavimento; que la bicicleta de la occisa no tenía reflectores; que no existía prueba que reflejara que el acusado iba a exceso de velocidad; y que no se presentó prueba alguna sobre el alegado estado de embriaguez del acusado. En fin, señaló que en ningún momento se estableció, ni siquiera en términos de probabilidades, que el compareciente actuó de forma temeraria con un absoluto menosprecio de la seguridad y vida de los demás lo cual es elemento esencial del delito imputado.

El Procurador General presentó Escrito en Cumplimiento de Orden. Discrepó del resumen de la prueba presentado por el peticionario y solicitó la confirmación de la Resolución recurrida. Este indicó, en particular, que se presentó prueba con relación a que el peticionario expedía olor a licor; que el mismo indicó que había estado bebiendo con unos amigos en un juego de pelota donde era lanzador; y que la prueba de alcohol que se hizo reflejó .13 de porciento de alcohol por volumen. Véase, Artículo 5-803 de. la Núm. 141 del 20 de julio de 1960, según enmendada. 9 L.P.R.A. sec. 1043.

A esos efectos, el peticionario presentó un escrito titulado *"Dúplica a Réplica"*. Expresó que no era correcta la descripción de los hechos efectuada por el Procurador General. Alegó, que contrario a lo resumido por este último, el agente Soto había declarado que la conducta del acusado no demostró signo alguno de encontrarse bajo los efectos de bebidas embriagantes; que durante el procedimiento

no se presentó evidencia documental alguna tendente a demostrar el porciento de alcohol del acusado en la sangre; y que tampoco se presentó prueba que demostrase que él estuviese manejando en exceso de velocidad.

## II

El mecanismo procesal que tiene un acusado para revisar una determinación de causa probable para acusar, obtenida por el Ministerio Fiscal en vista preliminar, es la moción para desestimar la acusación por el fundamento de que:

*"... se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho. 34 L.P.R.A., Ap. II, R. 64(p)."*

Nuestro Tribunal Supremo ha resuelto en repetidas ocasiones, que la determinación de causa probable goza, como toda determinación judicial, de una presunción legal de corrección. *Rabell Martínez v. Tribunal Superior,* 101 D.P.R. 796, 799 (1973); *Pueblo v. González Román,* 120 D.P.R. 684, 687 (1988); *El Vocero de P.R. v. E.L.A.,* **92 J.T.S. 108**, pág. 9845. En virtud de la presunción de causa probable, el acusado tiene la obligación de presentar evidencia y de persuadir al Tribunal de que no existía causa probable para acusarlo. ■ Su carga probatoria es considerable, pues tendrá que convencer al Tribunal de que, en vista preliminar, hubo ausencia total de prueba sobre algún elemento de responsabilidad criminal.

El Tribunal Supremo ha reiterado en varias ocasiones que en la vista preliminar no se le requiere al Ministerio Público que desfile toda su prueba, *Pueblo v. Figueroa Castro,* 102 D.P.R. 279, 284 (1974), no obstante, se le requiere que la presente en cuanto a todos los elementos del delito imputado en la denuncia y su conexión con dicho delito. *Vázquez Rosado v. Tribunal Superior,* 100 D.P.R. 592 (1972); *Pueblo v. Ocasio Hernández,* **95 J.T.S. 122,** pág. 80; *Pueblo v. Rivera Rivera,* **96 J.T.S. 122,** pág. 1286, nota al calce núm. 7. Además, nuestro más alto Foro ha indicado que sólo se desestimará la acusación si considera que en la vista preliminar hubo ausencia total de prueba, no si se trata de revisar el criterio del magistrado que determinó causa probable. A esos efectos, en *Pueblo v. Tribunal Superior,* 104 D.P.R. 454, 459 (1975), luego de concluir que la moción bajo la 64(p) era una tardía, se indicó que:

*"Presentada una moción para desestimar basada en la Regla 64(p), el tribunal de instancia puede, en el ejercicio de su discreción señalar una vista para entender y recibir prueba, o puede rechazarla de plano si de su faz y de las constancias en el expediente del caso, no resulta meritoria en cuanto al extremo de ausencia total de prueba"* ■

Ello fue reiterado en *Pueblo v. Rodríguez Ríos,* **94 J.T.S. 106**, a la pág. 46, donde se cita a *Pueblo v. Tribunal Superior, supra,* y se señala que el celebrar la vista bajo la Regla 64(p), *supra,* es discrecional.

De otro lado, en *Vázquez Rosado v. Tribunal Superior, supra,* pág. 394, ■ en donde el Tribunal de Primera Instancia en la vista para la discusión de la moción de desestimación se había negado *"a oír la prueba que ofrecería el acusado para sustanciar su planteamiento"* sobre ausencia de prueba, nuestro más alto Foro dijo que:

*"[e]n ausencia total de esa prueba, la determinación de causa probable por un magistrado no se ha hecho con arreglo a la ley y a derecho, y en su consecuencia, procede la moción para desestimar la acusación, bajo el susodicho inciso "p" de la Regla 64. Sería inútil tal planteamiento si el tribunal correspondiente no admite la presentación de prueba para sustanciarla. Esto no quiere decir que en la vista de la moción para desestimar la acusación por el fundamento del susodicho inciso "p", se entre a considerar la corrección del juicio hecho por el juez instructor respecto a la existencia de causa probable, excepto cuando haya carencia absoluta de prueba tendente a demostrar que existe tal causa probable para creer que se ha cometido un delito y que el acusado lo cometió. Para que un juez instructor pueda formar su juicio en una vista preliminar sobre la existencia de causa probable, tal determinación, para que se haga conforme a la ley y a derecho debe estar basada en prueba que le lleve a creer que probablemente cometió un delito por el acusado".*

Ante esa situación, nuestro Tribunal Supremo devolvió el caso al Tribunal de Primera Instancia al concluir que el negarle la presentación de prueba para sustentar una moción bajo la Regla 64(p), *supra*, le privaba al peticionario de demostrar que en la vista preliminar no hubo prueba que le señalare como probable autor de un delito. Ibid, pág. 595.

En el caso de autos, al considerar una moción bajo la Regla 64(p), *supra*, interpuesta por el peticionario, en la cual sus alegaciones establecen una ausencia de prueba, en cuanto a todos los elementos del delito imputado, el Tribunal de Primera Instancia la declaró no ha lugar sin celebrar la vista requerida. Esto privó al acusado de demostrar que no había causa probable para acusarlo. *Vázquez Rosado v. Tribunal Superior, supra.*

### III

En atención a lo anteriormente expresado expedimos el auto de *certiorari*, revocamos la Resolución recurrida y devolvemos el caso al Tribunal de Primera Instancia, Sala Superior de Ponce, para que señale a la brevedad posible una vista y proceda conforme con lo aquí dispuesto.

Así lo pronunció y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 98 DTA 123

1. La Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, lee así:

*"A la MOCION AL AMPARO DE LA REGLA 64(P) presentada por el Lcdo. José A. Ralat Pérez el día 29 de septiembre de 1997, el Tribunal dispone lo siguiente:*

### **RESOLUCION**

*No ha lugar".*

2. E. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Colombia, Editorial Forum, 1993, Vol. III, pág. 95.

3. Véase, también, *Pueblo v. López Guzmán*, **92 J.T.S. 142**, donde el Tribunal Supremo validó la actuación del Foro de instancia, quien rechazó la moción de desestimación bajo la Regla 64(p) *"de plano".*

4. Este caso fue citado con aprobación en *Pueblo v. Tribunal Superior, supra*, pág. 459.