Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>WILL A. RIVERA MERCADO<br><br>Peticionario | KLCE202400848 | *Certiorari,* Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Núm.: ISCR202300795 ISCR202300796 I1TR202200090<br><br>Sobre: Art. 5.07C, Art. 7.02 (MG), Art. 7.06, Ley 22 |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de septiembre de 2024.

Comparece Will A. Rivera Mercado ("señor Rivera Mercado" o "Peticionario") mediante recurso de *Certiorari* y solicita la revisión de la *Resolución* emitida el 3 de julio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("TPI"). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* una segunda moción de desestimación presentada por el Peticionario, de manera tardía, al amparo de la Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(p).

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del recurso de *certiorari* solicitado.

## I.

Por hechos acontecidos el 10 de agosto de 2021, en Hormigueros, Puerto Rico, el 6 de julio de 2022, el Ministerio Público presentó cargos en contra del señor Rivera Mercado, por violación al Artículo 7.06; 7.02; 5.07 (c), y; 4.02 de la Ley Núm. 22 de 7 de enero de 2000, según enmendada, conocida como la *Ley de Vehículos y Tránsito de Puerto Rico*, 9 LPRA sec. 5001 *et seq.* ("Ley 22-2000").

Número Identificador
RES2024_____

Los días 25 de enero de 2023, 6 de junio de 2023 y 20 de octubre de 2023, se celebró la vista preliminar. El foro recurrido halló no causa por el cargo del Art. 4.02 de la Ley 22-2000, y causa para acusar por los Arts. 5.07 y 7.06 del precitado estatuto.

Como corolario, el 20 de octubre de 2023, el Ministerio Público presentó dos acusaciones contra el señor Rivera Mercado, una bajo el Art. 7.06 y otra por el Art. 5.07 (c) de la Ley 22-2000, por conducir bajo los efectos de bebidas embriagantes, arrojar 0.127% de alcohol e impactar y ocasionarle la muerte a Alex Maldonado Bobé, quien caminaba por el área del paseo de la carretera. El 23 de octubre de 2023, se celebró la lectura de acusación y el caso fue señalado para juicio. No obstante, el 27 de noviembre de 2023, el Peticionario instó una *Moción en Solicitud de Desestimación del Pliego Acusatorio al Amparo de la Regla 64(p) por Determinación de Causa Ausencia Total de Prueba al Amparo de la Regla 64(p) de Procedimiento Criminal*. El señor Rivera Mercado adujo que, procedía la desestimación de los pliegos acusatorios, debido a que el Ministerio Público no presentó prueba alguna que lograra establecer la relación causal o elemento de causalidad entre la presunta conducta del acusado y la muerte del señor Monserrate.

El 9 de enero de 2024, el Ministerio Público presentó su oposición a la primera solicitud de desestimación. El Ministerio Público arguyó que, en la etapa del procedimiento criminal que se encontraba el caso, habían logrado satisfacer el *quantum* de la prueba requerida para establecer que el señor Rivera Mercado, probablemente, había cometido el delito imputado. Evaluados los escritos de las partes, el 25 de enero de 2024, el foro primario emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la primera moción de desestimación instada por el Peticionario.

Posteriormente, el 12 de febrero de 2024, el señor Rivera Mercado presentó una segunda solicitud de desestimación,

intitulada *Moción en Solicitud de Desestimación del Pliego Acusatorio al amparo de la Regla 64 (P) por Determinación de Causa Ausencia de Evidencia de Corroboración conforme Smith v United States, 384 US 147 (1954) y Pueblo v. Fradera Olmo*, 122 DPR 427 (1990). En síntesis, expuso que, el Ministerio Público no contaba con prueba de corroboración para sustentar las manifestaciones realizadas por el acusado. Señaló que, dichas manifestaciones fueron las que lo colocaron manejando el vehículo de motor que ocasionó el accidente, resultando en la presentación de las acusaciones del caso de epígrafe. El Peticionario alegó que, advino en conocimiento de la presunta ausencia de prueba de corroboración mediante el escrito en oposición a la primera moción de desestimación en el transcurso del descubrimiento de prueba.

Por su parte, el Ministerio Público presentó su oposición a la segunda solicitud de desestimación el 4 de marzo de 2024. El Ministerio Público expuso que, durante la vista preliminar se presentó prueba para corroborar las admisiones del acusado. Asimismo, señaló que el foro primario, al resolver la primera moción de desestimación, concluyó que se había presentado evidencia de corroboración mediante los testimonios de los agentes del orden público, los cuales incluyeron una descripción de las condiciones en las que vieron el vehículo de motor relacionado al accidente. Además, señalaron que no era procedente la presentación de una segunda moción de desestimación al amparo de la Regla 64 (p), toda vez que la Regla 63, 34 LPRA Ap. II, R. 63, dispone que las defensas no presentadas al hacerse alegación de no culpable o antes de alegar, se entenderán renunciadas, salvo que exista justa causa.

Tras la celebración de una vista argumentativa, llevada a cabo el 15 de mayo de 2024, el 3 de julio de 2024, el TPI emitió una *Resolución* en la cual declaró *No Ha Lugar* la segunda solicitud de

desestimación instada por el señor Rivera Mercado. El foro primario concluyó lo siguiente:

> Entendemos que no se justifica en esta etapa del proceso presentar esta defensa al amparo de la Regla 64 (p) de las de Procedimiento Criminal para cuestionar lo que ocurrió o no ocurrió en la vista preliminar amparado en aquello que se ha descubierto en el proceso bajo la Regla 95 del mismo cuerpo. Finalmente, el Tribunal está claro que en este caso ya existe una evaluación en sus méritos de una vista preliminar que concluyó que existía la prueba necesaria para cada elemento de los delitos y para concluir que el acusado los cometió para los efectos de dicha etapa.[1]

Inconforme, el 2 de agosto de 2024, el señor Rivera Mercado acudió ante esta Curia mediante *Petición de Certiorari*. El Peticionario le imputó al TPI la comisión del siguiente error:

**Erró el TPI al declarar No Ha Lugar la Moción en Solicitud de Desestimación del Pliego Acusatorio al amparo de la Regla 64 (P) por Determinación de Causa Ausencia de Evidencia de Corroboración conforme Smith v United States, 384 US 147 (1954) y Pueblo v. Fradera Olmo, 122 DPR 427 (1990).**

El 10 de septiembre de 2024, el Ministerio Público presentó su alegato en oposición. Perfeccionado el recurso y con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal

---

[1] Véase, Apéndice de la Parte Peticionaria, a la pág. 11 (*Resolución*).

revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari,* la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari,* a saber:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La Regla 63 de Procedimiento Criminal, 34 LPRA Ap. II, R. 63, establece que:

> Excepto las defensas de falta de jurisdicción del tribunal y la de que no se imputa delito, las cuales podrán presentarse en cualquier momento, cualquier defensa u objeción susceptible de ser determinada sin entrar en el caso en su fondo se deberá promover mediante moción presentada al hacerse alegación de no culpable o antes de alegar, pero el tribunal podrá permitir por causa justificada la presentación de dicha

moción dentro de un periodo no mayor de veinte (20) días después del acto de lectura de la acusación en los casos en que deba celebrarse dicho acto. Cuando se hubiere entregado personalmente al acusado una copia de la acusación, el término para la presentación de esta moción será de no más de veinte (20) días desde que el acusado hubiese respondido. Cuando no hubiese contestado, el término será de no más de veinte (20) días después de que se registre la alegación de no culpable.

La moción incluirá todas las defensas y objeciones de tal índole de que pueda disponer el acusado. **La omisión de presentar cualquiera de dichas defensas u objeciones en el término dispuesto constituirá una renuncia de la misma, pero el tribunal podrá eximir al acusado, por causa justificada, de los efectos de tal renuncia**. […]

(Énfasis suplido)

Por otro lado, la Regla 64 (p) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64, dispone que, un acusado podrá solicitar la desestimación de una acusación o denuncia, o cualquier cargo de las mismas, cuando no "*se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho*". *Pueblo v. Rivera Cuevas*, 181 DPR 699, 707 (2011); *Pueblo v. Kelvin Branch*, 154 DPR 575, 584 (2001). La referida solicitud le permite al acusado intentar rebatir la presunción de corrección de la determinación de causa probable cuando entienda que el Estado no cumplió con su deber en esa etapa. *Pueblo v. Nieves Cabán*, 201 DPR 853, 866-867 (2019).

Al evaluar una moción de desestimación bajo la Regla 64 (p), *supra*, el elemento a considerarse es si existe ausencia total de prueba que tienda a demostrar que se ha cometido el delito imputado o que el acusado lo cometió. *Pueblo v. Rivera Cuevas*, *supra*, a la pág. 707; *Pueblo v. Rivera Rivera*, 141 DPR 121, 131 (1996); *Pueblo v. Rodríguez Ríos*, 136 DPR 685, 692 (1994); *Pueblo v. Carballosa y Balzac*, 130 DPR 842 (1992); *Pueblo v. González Pagán*, *supra*, a las págs. 687-688 (1989); *Pueblo v. Tribunal Superior*, 104 DPR 454, 459 (1975). En otras palabras, el tribunal "*debe examinar la prueba desfilada en la vista preliminar, y*

*determinar si esa prueba establece la probabilidad de que estén presentes cada uno de los elementos del delito y que el imputado lo cometió". Pueblo v. Rivera Cuevas, supra*, a la pág. 708. Sobre el alcance de esta discreción, nuestro más Alto Foro ha expresado lo siguiente:

> Este ejercicio evaluativo discrecional "en cuanto al extremo de ausencia total de la prueba", es crucial. Su significado está estrechamente vinculado a las razones principales que jurisprudencialmente hemos reconocido inspiran la Vista Preliminar, a saber: "(1) el objeto central de la vista preliminar no es hacer una adjudicación en los méritos en cuanto a la culpabilidad o inocencia del acusado; (2) aunque se trata de una función propiamente judicial, no es 'un mini juicio'; (3) el fiscal no tiene que presentar toda la prueba que posea; (4) la vista está encaminada a proteger a la persona imputada a través de un filtro o cedazo judicial por el cual el Estado tiene que pasar prueba, y demostrar si está justificado o no a intervenir con la libertad de un ciudadano y someterlo a los rigores y contingencias de un juicio plenario; y (5) una vez se demuestra y se justifica esta intervención, la vista ha cumplido su propósito de ley." *Pueblo v. González Pagán*, 120 DPR 684, 688 (1988) citando a *Pueblo v. Rodríguez Aponte*, 166 DPR 653, 665 (1985).

Asimismo, el Tribunal Supremo ha delineado los parámetros o criterios que deben guiar al juzgador que enfrenta una moción de desestimación bajo la Regla 64 (p), *supra*, a saber: (1) examinar la prueba de cargo y defensa vertida en la vista preliminar, así como la prueba del acusado en apoyo de la moción; (2) determinar si esa prueba establece la probabilidad de que estén presentes todos los elementos del delito, así como la existencia de prueba que conecte al imputado con su comisión; (3) el hecho de que a juicio del magistrado la prueba presentada demuestre, con igual probabilidad, la comisión de un delito distinto al imputado, no debe dar fundamento a una desestimación; y (4) solo en total ausencia de prueba sobre la probabilidad de que estén presentes uno, varios o todos los elementos del delito o de la conexión del imputado con tal delito, procede la desestimación de la acusación. *Pueblo v. Rivera Cuevas, supra; Pueblo v. Rivera Alicea,* 125 DPR 37, 42-43 (1989).

Véase, además, Resumil, O., *Derecho Procesal Penal*, Butterworth, 1993, Tomo II, a las págs. 202-203. Por otro lado, se ha establecido que al atender una moción de desestimación al amparo de la Regla 64 (p), *supra*, el tribunal no podrá considerar cuestiones relacionadas a la credibilidad de testigos no escuchados por éste cuando no surja de la evidencia que fueran estereotipados o adolecieran de "falsedad transparente". Resumil, O., *ob cit.*, a la pág. 197; *Pueblo v. Tribunal Superior,* 104 DPR 454, 460 (1975).

## III.

El Peticionario alega que el foro primario erró al denegar su solicitud de desestimación de los pliegos acusatorios al amparo de la Regla 64 (p), *supra*. El señor Rivera Mercado sostiene que, existe causa justificada para la presentación tardía de la segunda solicitud de desestimación, toda vez que, transcurrido el término, advino en conocimiento de que el Ministerio Público no contaba con prueba de corroboración.

Por su parte, el Ministerio Público alega que, la segunda solicitud de desestimación fue presentada fuera de término y que, dicha tardanza no fue justificada. Además, puntualizó que, la prueba de corroboración es un requisito atribuible a la etapa del juicio en su fondo.

Examinado la totalidad del expediente ante nos, a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de

derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones